# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Juan V. Anderson,

        Plaintiff,

v.                                                  Civil No. 21-1076 (SRN/DTS)

Mike Rigner et al.,

        Defendants.

_____

Juan V. Anderson,

        Plaintiff,

v.                                                  Civil No. 21-1126 (SRN/DTS)

Henry Police Department et al.,

        Defendants.

_____

Juan V. Anderson,

        Plaintiff,

v.                                                  Civil No. 21-1127 (SRN/DTS)

Michael Regnier et al.,

        Defendants.

_____

Juan V. Anderson,

        Plaintiff,

v.                                                  Civil No. 21-1128 (SRN/DTS)

Erick Mund et al.,

        Defendants.

_____

Juan V. Anderson,

        Plaintiff,

v.                                                                  Civil No. 21-1150 (SRN/DTS)

Randy Yedinak et al.,

        Defendants.

_____

Juan V. Anderson,

        Plaintiff,

v.                                                                  Civil No. 21-1151 (SRN/DTS)

Bill Betram et al.,

        Defendants.

_____

Juan V. Anderson,

        Plaintiff,

v.                                                                  Civil No. 21-1152 (SRN/DTS)

Tim Henson et al.,

        Defendants.

---

SUSAN RICHARD NELSON, United States District Judge.

       This Court recently transferred or dismissed five actions brought in this District by plaintiff Juan V. Anderson against defendants located in Illinois for alleged wrongdoing committed in Illinois.  *See Anderson v. Butts*, No. 21-CV-0937 (SRN/DTS); *Anderson v. Morris Police Department*, No. 21-CV-0971 (SRN/DTS); *Anderson v. Casson*, No. 21-

CV-0972 (SRN/DTS); *Anderson v. Henson*, No. 21-CV-1022 (SRN/DTS); *Anderson v. Krewer*, No. 21-CV-1023 (SRN/DTS). As the Court explained, under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

None of those conditions were met on the faces of the complaints filed in those cases. Accordingly, the matter first filed by Anderson was transferred to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1406(a), while the remaining actions were dismissed without prejudice under that same provision.

The same is true of the seven matters now before the Court that have been brought by Anderson in this District. Once more, each of the defendants named to these seven actions are alleged to reside in Illinois. Once more, none of the events or occurrences at issue in these seven actions is alleged to have occurred in Minnesota. These matters should not have been filed in this District.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

3

any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may act *sua sponte* under § 1406(a). *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). After reviewing the pleadings submitted in each of these seven matters, the Court concludes that transfer of these matters would not serve the interests of justice. None of the seven pleadings set forth Anderson's claims for relief in even the minimal detail required by Rule 8(a)(2) of the Federal Rules of Civil Procedure, and some — perhaps all — of the seven cases appear related to the events at issue in the matter that has already been transferred to the Central District of Illinois. Moreover, dismissal of these matters without prejudice will not preclude Anderson from prosecuting any potentially viable claims for relief in a more appropriate district. The interests of justice in this matter therefore tilt towards dismissal rather than transfer; accordingly, each of these matters will be dismissed without prejudice under § 1406(a).

## ORDER

Based on the submissions and the entire file and proceedings herein,

IT IS HEREBY ORDERED that each of these matters be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 10, 2021             s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge